FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 30, 2022

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT MICKY MAUGHON, an individual,<br><br>               Plaintiff,<br><br>   v.<br><br>ESTATE OF BILLY BRYAN BROWN d/b/a/ ALASKA WILDERNESS FAMILY PRODUCTIONS, an Estate pending in the Superior Court of the State of Washington in and for Okanogan County (Local Case Number 21-4-00024-24),<br><br>               Defendant. | No.    2:21-cv-00147-SMJ<br><br>**ORDER DENYING MOTION TO DISMISS** |

Before the Court, without oral argument, is Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, ECF No. 10. Defendant asserts two theories in support of dismissal of this diversity action for breach of contract: first, that the court lacks subject matter jurisdiction under the probate exception to federal jurisdiction; second, that the complaint should be dismissed under the Colorado River abstention doctrine. After review of the file and the pleadings, the Court is fully informed and denies the motion.

//

## BACKGROUND

Billy Bryan Brown passed away intestate on February 7, 2021, in Okanogan County, Washington. ECF No. 10. On March 31, 2021, the Estate of Billy Bryan Brown filed petition for letters of administration in the Superior Court of Washington for Okanogan County. *Id.* at 2. On April 6, 2021, the probate court appointed Brown's wife, Amora Larene Brown as Administrator of the estate. *Id.* On April 15, 2021, the first Probate Notice to Creditors was published. *Id.*

On April 27, 2021, Plaintiff Robert Maughon filed suit in this Court against the estate for breach of contract, asserting subject matter jurisdiction pursuant to 28 U.S.C. 1332. ECF No. 1. Plaintiff also filed a Creditor's Claim with the Superior Court of Washington under case number 21-4-00024-24. ECF No. 10 at 2.

Plaintiff based his claims on allegations that two contracts existed between Plaintiff and Brown. The first of these, the "Ten Year" contract, was signed on January 6, 2009, and included a ten-year term where Brown would pay Plaintiff ten percent of the net income from the publication and sales of Alaska Wilderness Family Productions derived from the creative works of Brown. ECF No. 1 at 2. In exchange, Plaintiff made a loan of twenty thousand dollars to Brown. *Id.* Plaintiff further alleges that on January 25, 2009, Plaintiff and Brown signed a second contract, the "Lifetime" contract. *Id.* at 3. Plaintiff purports that this second contract is a revenue sharing agreement for ten percent of the gross income of Alaska

ORDER DENYING MOTION TO DISMISS – 2

Wilderness Family Productions from the creative works of Brown, including any books, movies, television, and documentaries. *Id.* In exchange, Plaintiff made a ten-thousand-dollar loan to Brown. *Id.* The second agreement was to last for the lifetime of Plaintiff. *Id.*

According to Plaintiff, he performed all obligations under the terms by loaning the promised money to Brown but no payments under either of these instruments were ever made to Plaintiff. *Id.* at 4–5. Plaintiff is seeking damages in the amount to be proven at trial, as well as costs incurred. *Id.* at 6.

## LEGAL STANDARD

Plaintiff brought this suit based on subject matter jurisdiction under 28 U.S.C. § 1332, diversity of citizenship, and Defendant seeks dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). The objection to subject matter jurisdiction is not limited to any phase of the litigation and may be raised by any party or by the court. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, (2006). "Rule 12(b)(1) jurisdiction attacks can be either facial or factual." *White v. Lee*, 227 F.3d 1214 (9th Cir. 2000). Where, as here, Defendant attacks the complaint on its face, the Court accepts the allegations of the complaint as true. *See, e.g.*, *Wolfe v. Strankman*, 392 F.3d 358, 362 (9th Cir. 2004). Plaintiff bears the burden of demonstrating the Court has subject matter jurisdiction over the suit. *See Kokkenen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). If a federal court

determines that it lacks subject matter jurisdiction the case must be dismissed in its entirety. *Id.*

## DISCUSSION

**A.    The Probate Exception**

"The probate exception to federal jurisdiction reserves probate matters to state probate courts and precludes federal courts from disposing of property in the custody of a state court." *Goncalves v. Rady Children's Hosp. San Diego*, 865 F.3d 1237, 1251 (9th Cir. 2017) (citing *Marshall v. Marshall*, 547 U.S. 293, 311 (2006)). But federal courts nevertheless "have jurisdiction to entertain suits to determine the rights of creditors, legatees, heir, and other claimants against a decedent's estate, so long as the federal court does not *interfere with the probate proceedings*.'" *Goncalves*, 865 F.3d at 1251 (quoting *Marshall*, 547 U.S. at 311) (emphasis in *Marshall*). And although courts puzzled over the meaning of "interfere with the probate proceedings" since that phrased was used in *Markham v. Allen*, 326 U.S. 490 (1946), the Supreme Court clarified in *Marshall* that *Markham* merely proscribed "disturbing or affecting the possession of property in the custody of a state court." *Marshall*, 547 U.S. at 311.

Thus, "[i]t is clear after *Marshall* that unless a federal court is endeavoring to (1) probate or annul a will, (2) administer a decedent's estate, or (3) assume *in rem* jurisdiction over property that is in the custody of a state probate court, the

probate exception does not apply. *Goncalves*, 865 F.3d at 1251 (quoting *Three Keys Ltd. v. SR Util. Holding Co.*, 540 F.3d 220, 227 (3d Cir. 2008). The Marshall Court clarified that this third prong is a bar "when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Marshall*, 547 U.S. at 312. As such, the probate exception is significantly narrower than previously understood.

Here, there is a probate proceeding, but none of the bars set out in *Marshall* apply to this action. The Court is not asked to probate or annul a will, nor is it asked to administer Brown's estate. Nor does Plaintiff's action call for this Court to exercise *in rem* jurisdiction over any *res* already under the probate court's jurisdiction. *Goncalves*, 965 F.3d at 1254 ("An action is *in rem* when it 'determines interests in specific property as against the whole world.'"). In fact, the Court, in deciding this breach of contract dispute, need only exercise *in personam* jurisdiction. *See id.* ("[W]here a judgment is 'strictly *in personam* both a state court and a federal court having concurrent jurisdiction may proceed with the litigation.'") (quoting *Penn Gen. Cas. Co. v. Pennsylvania ex rel. Schnader*, 294 U.S. 189, 195 (1935)).

## B.    Colorado River Abstention

Nor does this case fall within the narrow scope of the *Colorado River* abstention doctrine. *See Colorado River Water Conservation Dist. v. United States*,

ORDER DENYING MOTION TO DISMISS – 5

424 U.S. 800 (1976). The Ninth Circuit has cautioned that, "when it comes to non-discretionary actions for damages . . . federal courts possess a 'virtually unflagging obligation to exercise the jurisdiction given them.'" *R.R. Street & Co. Inc. v. Transport Ins. Co.*, 656 F.3d 966, 978–79 (9th Cir. 2011) (quoting *Colorado River*, 424 U.S. at 817). "Only in rare cases will 'the presence of a concurrent state proceeding' permit the district court to dismiss a concurrent federal suit 'for reasons of wise judicial administration." *Id.* (quoting *Colorado River*, 424 U.S. at 818).

The Court has recognized eight factors to be considered when deciding whether to invoke *Colorado River* abstention:

> (1) which court first assumed jurisdiction over any property at stake; (2) the inconvenience of the federal forum; (3) the desire to avoid piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law provides the rule of decision on the merits; (6) whether the state court proceedings can adequately protect the rights of the federal litigants; (7) the desire to avoid forum shopping; and (8) whether the state court proceedings will resolve all issues before the federal court.

*R.R. Street*, 656 F.3d at 978–79.

In the event that a court declines to exercise jurisdiction pursuant to *Colorado River*, a stay rather than dismissal is typically appropriate, as a stay "ensures that the federal forum will remain open if for some unexpected reason the state forum . . . turn[s] out to be inadequate." *Attwood v. Mendocino Coast Dist. Hosp.*, 886 F.2d 241, 243 (9th Cir. 1989).

ORDER DENYING MOTION TO DISMISS – 6

Here, the factors do not weigh strongly enough in favor of Plaintiff to make this one of the "exceptional" cases in which abstention is appropriate. First, the jurisdiction over the res requirement is irrelevant to the Court's consideration, as the parties' dispute here. *Travelers Indem. Co. v. Madonna*, 914 F.3d 1364, 1368 ("[M]oney is not the sort of tangible physical property referred to in *Colorado River*.") (alteration in original).

Second, Plaintiff does not argue, and the Court cannot think of any reasons why, a federal forum is inconvenient beyond any concerns regarding duplicative litigation. In fact, Defendant understandably argues that, as a resident of Tennessee, the "federal forum is geographically and logistically far easier for him to reach and participate within." This factor weighs against abstention.

Third, allowing this action will likely result in some piecemeal litigation, as the probate court has also been asked to consider the breach of contract claim. *See R.R. Street*, 656 F.3d at 976 ("Piecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results."). But even this most important factor does not weigh heavily in Plaintiff's favor, as this Court is asked to determine a narrow subset of all possible claims that may be before the probate court. To decide otherwise would mean that in every federal case with connections to a state probate action, the Court would need to

abstain, which is clearly not the case given the Court's discussion of the probate exception above.

Fourth, although the probate court obtained jurisdiction shortly before this Court, there is no evidence before the Court at this time that the probate court has taken significant steps to adjudicate this particular dispute. And although Defendant could certainly renew its motion with added information in this regard, this factor weighs in favor of Plaintiff at this time.

Fifth and sixth, as this is a breach of contract dispute, state law provides the rule of decision. As such, there are no federal-law issues that could not be litigated at the state level, and the Court is not concerned that the state proceeding could not adequately protect Plaintiff's right. These factors weigh in favor of Defendant.

Seventh, it is not "readily apparently" that Plaintiff has engaged in forum shopping. Cases in which the Ninth Circuit has found a plaintiff to engage in forum shopping included plaintiffs seeking refuge in federal court years into state court litigation and where a plaintiff brought suit in federal court to avoid state court evidentiary rules. *See Nakash v. Marciano*, 882 F.2d 1411, 1417 (9th Cir. 1989); *Am. Int'l Underwriters (Philippines), Inc. v. Continental Ins. Co.*, 843 F.2d 1253, 1255–56. No such concerns are apparent here, and Defendant alleges none, so this factor is neutral.

Eighth, and finally, the Court considers the state proceeding to parallel the federal proceeding. *See R.R. Street*, 656 F.3d at 982. Again though, this factor does not weigh strongly in favor of Defendant, as federal courts in the ordinary course dispose of issues between parties that are also involved in probate matters, so long as they do not fall within the probate exception. It is the nature of duplicative litigation that there will be some inefficiency, but that does not place this case, considering all the factors discussed above, in the rare situation in which the Court should exercise its discretion and abstain from its "virtually unflagging obligation" to exercise the jurisdiction given to it. *Colorado River*, 424 U.S. at 817.

Accordingly, **IT IS HEREBY ORDERED**:

1.     Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, **ECF No. 10**, is **DENIED**.

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel.

**DATED** this 30th day of March 2022.

_____
SALVADOR MENDOZA, JR.
United States District Judge