FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Sep 30, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ROBERT MICKY MAUGHON, *an individual*,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF BILLY BRYAN BROWN d/b/a ALASKA WILDERNESS FAMILY PRODUCTIONS, *an Estate pending in Superior Court other State of Washington in and for Okanogan County, (Local Case Number 21-4-00024-24);* and AMORA L. BROWN, *surviving spouse*,<br><br>Defendants. | No. 2:21-CV-0147-JAG<br><br>ORDER DENYING DEFENDANT BROWN'S MOTION TO DISMISS AND DENYING IN PART, RESERVING IN PART DEFENDANTS' MOTIONS IN LIMINE<br><br><br>**MOTIONS DENIED AND RESERVED IN PART (ECF No. 76 and 63)** |

Pending before the Court are Defendant Amora L. Brown's Motion to Dismiss, ECF No. 76, and Defendants' Motion in Limine, ECF No. 63.

### I. DEFENDANT BROWN'S MOTION TO DISMISS

Defendant Brown seeks dismissal of the claims against her personally as "surviving spouse" pursuant to Fed. R. Civ. Pro. 12(b)(6). To survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, a complaint must allege sufficient facts to raise the right to relief beyond a speculative level. *Bell Atlantic Corp. v. Twombly,* 550

ORDER - 1

U.S. 544 (2007). The Complaint provides a defendant notice of the claim(s) being made and the facts a plaintiff asserts supports those claims. "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Twombly* at 555 (internal citations omitted). Courts need not accept as true legal conclusions "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Only a complaint that states a plausible claim for relief with well-pleaded facts demonstrating the pleader's entitlement to relief can survive a motion to dismiss. *Id.* at 679. "The plausibility of a pleading thus derives from its well-pleaded factual allegations." *Whitaker v. Tesla Motors, Inc.*, 985 F.3d 1173, 1176 (9th Cir. 2021). The Court must accept all pleaded facts as true and draw all reasonable inferences in favor of the nonmoving party. *Iqbal,* 556 U.S. at 678.

Defendant Brown argues that there is no legal basis for the claims against her in the Amended Complaint because no legal theory supports joint liability. According to Plaintiff's Amended Complaint, Billy Bryan Brown d/b/a Alaska Wilderness Family Productions entered into two contracts with Robert Micky Maughon, the first on January 6, 2009, and the second on January 25, 2009, both in Alaska. Plaintiff's complaint posits that "Defendant Amora Brown is jointly liable as the surviving spouse of Billy Bryan Brown." Amended Complaint, ECF No. 41 at 6.

"Debt liability is determined by the laws of the state where the obligation is incurred." *Escrow Serv. Co. v. Cressler*, 59 Wash. 2d 38, 40, *disapproved of on other grounds by Haley v. Highland*, 142 Wash. 2d 135, 12 P.3d 119 (2000), and *abrogated by Baffin Land Corp. v. Monticello Motor Inn, Inc.*, 70 Wash. 2d 893, 425 P.2d 623 (1967), and *abrogated by Pac. States Cut Stone Co. v. Goble*, 70

ORDER - 2

Wash. 2d 907, 425 P.2d 631 (1967).  Since the contracts were executed in Alaska, Alaska law applies. ECF No. 41-1 and 41-2.

> (j) An obligation incurred by only one spouse before or during marriage *may be satisfied only from the property of that spouse that is not community property and from that spouse's interest in community property*. This subsection does not apply to an obligation described in (b) of this section.
>
> (k) An obligation incurred during marriage by both spouses may be satisfied from property of each spouse that is not community property and from the community property.

Alaska Stat. Ann. § 34.77.070 (West) (emphasis added).  Plaintiff provided no factual allegations that suggest that Defendant Brown personally incurred the obligation in the contracts at issue.  Nor does Plaintiff allege that Defendant Brown was a member of the Alaska Wilderness Family Productions, LLC.  Therefore, Defendant Brown's separate property may not be allocated to the obligation incurred through the two contracts.  Consequently, Defendant Brown cannot be sued in her individual capacity for the breach of contract claims.

However, this does not end the inquiry as Defendant Brown serves as the personal representative of the Estate of Billy Bryan Brown.  In the event of a pending action at the time of a decedent's death, the personal representative substitutes in as the defendant in the pending action. RCW § 11.40.110.  Although this situation is not precisely that anticipated by the statute, it stands to reason that in the event of a claim against the decedent that remains outside of the probate, the personal representative would be properly named in the suit in lieu of the decedent.  Other courts have proceeded in this manner, allowing lawsuits against the decedent to name the personal administrator as the defendant.  See *Silk v. Bond*, 65 F.4th 445, 452 (9th Cir. 2023), *cert. denied,* 144 S. Ct. 91, 217 L. Ed. 2d 21 (2023), *Glassie v. Doucette*, 55 F.4th 58, 62 (1st Cir. 2022).

ORDER - 3

Drawing all inferences in favor of the nonmoving party, Defendant Amora Brown shall remain a defendant only in her capacity as the personal representative of the Estate of Billy Bryan Brown.

**II.      DEFENDANTS' MOTIONS IN LIMINE**

Defendants seek to exclude the following evidence at trial:

1. Any questions to or testimony from Amora L. Brown, the surviving spouse of Billy Bryan Brown for or against Billy Bryan Brown, as such would violate her spousal privilege as established under Alaska Rule of Evidence 505(a) and (b) or Washington Rule of Evidence RCW 5.60.060, except as may be necessary to discuss the affairs of the Estate in her capacity as administrator of the Estate of Billy Bryan Brown;

2. Any testimony or evidence of assets, income, or payments to Billy Bryan Brown except those to the contract party "Billy Bryan Brown d/b/a Alaska Wilderness Family Productions"

3. Any testimony or evidence of assets, income, or payments to any persons or entities other than "Billy Bryan Brown d/b/a Alaska Wilderness Family Productions;" and

4. Any testimony of claims of breach of contract by Billy Bryan Brown d/b/a Alaska Wilderness Family Productions, or damages therefrom, prior to April 27, 2018, such date being three years prior to the date of filing of the Complaint herein, and therefore the limiting date from claims of breach of contract as provided by Alaska statute AS 09.10.053, which establishes a three-year statute of limitation for a person to bring a legal action to enforce a contract.

Based on the Court's ruling above, questions to and testimony from Amora Brown as they pertain to her role as the administrator of the Estate of Billy Bryan

ORDER - 4

Brown are admissible. Questions pertaining to Alaska Wilderness Family Productions may also be admissible. "The privilege against the divulging of confidential communications survives death. . ." *Barbee v. Luong Firm, P.L.L.C.*, 126 Wash. App. 148, 156 (2005). Spousal privilege attaches to limited spousal communications and only to the communicating spouse, not the listening spouse. *Id.* Those communications that qualify for the spousal privilege are not admissible. The Court reserves ruling on what exact questions/testimony are admissible as more information regarding the communications is necessary to make a determination.

As to the second and third issues, Defendant seeks to limit testimony / evidence of any assets, income, or payments to only those conveyed to "Billy Bryan Brown d/b/a Alaska Wilderness Family Productions." Defendant seeks to exclude evidence of any assets or income paid to any other person or entity other than the specific contract party "Billy Bryan Brown d/b/a Alaska Wilderness Family Productions."

Admissibility of evidence of payments, income, and assets depends on relevance to the contractual agreement. The contracts both address payments, income and assets derived from the creative works of Billy Bryan Brown. In the first contract, the "Ten-Year" contract, Billy Bryan Brown agreed to a "joint venture in the sharing of revenues from the publication and sales of the creative works of Billy Bryan Brown and A.W.F.P." ECF No. 41-1. Use of the conjunctive suggests that the contract encompasses revenues accrued from Billy Bryan Brown's creative works independent of Alaska Wilderness Family Productions.[1] However, in the next paragraph, the Ten-Year contract states that Plaintiff "is entitled to and shall receive ten percent (10%) of net income of

---

[1] Referred to as A.W.F.P. throughout the contract.

ORDER - 5

A.W.F.P. for 10 years of the publications of the creative works of Billy Bryan Brown." *Id.* The language appears to conflate income earned by Billy Bryan Brown with income earned by A.W.F.P.

The second contract largely mirrors the first, discussing revenues derived from the "creative works of Billy Bryan Brown and A.W.F.P.," but in the next paragraph stating, Plaintiff "is entitled to and shall receive ten percent (10%) of gross income of A.W.F.P. for the life of Robert Micky Maughon, M.D., of the publications of the create works of Billy Bryan Brown, including: Books, Movies: both live action and animated, Television, Documentaries." The contracts appear to imply, but not state, that all income derived from Billy Bryan Brown's creative works would be earned by A.W.F.P. Due to the ambiguity in the contract, evidence and testimony regarding income earned and assets derived from Billy Bryan Brown's creative works, regardless of the payee is admissible. However, the jury must determine whether the contract applies to those assets / income / payments.

In an overlapping request, Defendant moves to exclude evidence of assets, income or payments not pertaining to the contracted party, "Billy Bryan Brown d/b/a Alaska Wilderness Family Productions." The Court disagrees that the payee must spell out the entirety of the label suggested by Defendant. The use of the conjunctive suggests that all assets derived from Billy Bryan Brown's creative work payable to himself or A.W.F.P. may be subject to the terms of the contract. Evidence or assets or income earned from creative works of related parties, such as Billy Bryan Brown himself, or other members of A.W.F.P, if any, is admissible.

Lastly, Defendants seek to exclude evidence of damages prior to April 27, 20218. The parties indicated that the statute of limitations issue would be further briefed during the most recent status conference, but no further motion was filed.

ORDER - 6

The Court requests that the parties brief the statute of limitations issue, and reserves ruling until further briefing is submitted.

### III. CONCLUSION

Defendant Brown shall remain a named party in the case, but only as the personal representative for the Estate of Billy Bryan Brown. Motions in limine are ruled on as detailed above. Accordingly, **IT IS ORDERED:**

1. Defendant Brown's Motion to Dismiss, **ECF No. 76,** is **DENIED**. The caption shall be amended to state: AMORA BROWN, *personal representative of the Estate of Billy Bryan Brown*.

2. Defendant's Motion in Limine, **ECF No. 63**, is **DENIED in part and RESERVED in part**.

3. Defendant shall file briefing on the statute of limitation issues no later than **October 24, 2025**. Plaintiff's response shall be filed no later than **November 7, 2025**. Defendant's reply, if any, shall be filed no later than **November 14, 2025**.

4. A telephonic status conference shall be scheduled to discuss scheduling the case. The Court will contact counsel to set conference agreeable to the parties.

**IT IS SO ORDERED.** The District Court Executive is directed to file this Order and provide copies to counsel.

DATED September 30, 2025.



_____
JAMES A. GOEKE
UNITED STATES MAGISTRATE JUDGE

ORDER - 7